UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**TYLER BAKER,**   CASE NO.:

    **Plaintiff,**

vs.

**AMERICA'S BEST HEARING, LLC,
A FLORIDA LIMITED LIABILITY
COMPANY, PJC COASTAL
HEARING, LLC, A FLORIDA
LIMITED LIABILITY COMPANY.**

    **Defendants.**                    /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, TYLER BAKER ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, AMERICA'S BEST HEARING, LLC, a Florida Limited Liability Company ("ABH"), PJC COASTAL HEARING, LLC, a Florida Limited Liability Company ("PJC") (hereinafter collectively, "Defendants"), and states as follows:

### INTRODUCTION

1. This case is brought pursuant to the Families First Coronavirus Response Act ("FFCRA"), Pub.L. No. 116-127, 134 Stat. 178 (2020), to recover front pay, back pay, liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, punitive damages and reasonable attorneys' fees and costs and any other relief to which Plaintiff is entitled including, but not limited to equitable relief.

2. On March 18, 2020, the FFCRA was signed into law as a legislative initiative to

1

address COVID-19. The FFCRA was thereafter enacted into law on April 1, 2020.

3. In pertinent part, the FFCRA establishes paid leave for certain eligible employees impacted by the COVID-19 public health crisis. *See* 29 U.S.C.A. § 2620.

4. Division E of the FFCRA is referred to as the Emergency Paid Sick Leave Act (or "EPSLA"). It requires that covered employers provide eligible employees with up to two (2) weeks of paid sick leave and job protection for employees who, among others things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

5. The law further prohibits employers from "from discharging, disciplining or discriminating against any employee because such Employee took Paid Sick Leave under the ESLPA." 29 C.F.R. § 826.150(a).

6. An Employer who commits a prohibited act described in 29 C.F.R. § 826.150(a) is "considered to have violated 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in section 16 and 17 of the FLSA." 29 C.F.R. § 826.150(a).

## JURISDICTION

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331.

8. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Highlands County, Florida.

9. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for the Southern District of Florida.

## PARTIES

10. At all times material to this action, Plaintiff was, and continues to be, a resident of

the State of Florida.

11. At all times material to this action, Defendant, AMERICA'S BEST HEARING, LLC was, and continues to be, a Florida Limited Liability Company operating and engaged in business in Florida, doing business in Highlands County.

12. At all times material to this action, Defendant, PJC COASTAL HEARING, LLC was, and continues to be, a Florida Limited Liability Company operating and engaged in business in Florida, doing business in Highlands County.

13. Each of these Defendants employed Plaintiff, directly and/or indirectly, jointly and/or severally, and acted in the interest of an employer toward Plaintiff, during the last three years, including without limitation directly or indirectly controlling and directing the terms of employment and compensation of Plaintiff.

14. From approximately January 2018, until her termination on July 3, 2020, Plaintiff was employed as a hearing aid specialist.

15. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FFCRA.

16. At all times material to this action, Defendants were, and continue to be, "employers" within the meaning of the FFCRA.

17. At all times material to this action, Defendants, AMERICA'S BEST HEARING, LLC and PJC COASTAL HEARING, LLC are/were employers under the FFCRA in that they employ less than 500, but more than 15 employees.

18. At all times material to this action, Plaintiff was an employee entitled to leave under the FFCRA based on the fact that she was employed by Defendants for at least thirty (30) calendar days immediately prior to the day her leave would begin.

**FACTUAL ALLEGATIONS**

19.     In January 2018, Defendants hired Plaintiff as Defendants' hearing aid specialist at Defendants' Orange City and Green Cove Springs locations.

20.     On or about July 2, 2020, Plaintiff received a call from a friend whom she had recently come into contact with. Ms. Baker's friend informed her that she had just been diagnosed with COVID-19 and that Plaintiff should contact the Department of Health ("DOH"), in order to get tested.

21.     Plaintiff was experiencing light shortness of breath at the time she received the call from her friend but assumed it was just her asthma flaring up. Plaintiff, however, now became very concerned that it could in fact have been COVID-19.

22.     Plaintiff immediately contacted her doctor in order to be tested for COVID-19.

23.     Plaintiff's doctor told her that she must self-isolate until she receives a negative result and a letter of release from DOH.

24.     Plaintiff then contacted Defendants' Owner, Steve Reinshuttle, to inform him of her possible COVID-19 contagion and her doctor's order to self-isolate.

25.     Mr. Reinshuttle, in direct contradiction to the DOH and Center for Disease Control ("CDC") guidelines, as well as the orders from her doctor, told Plaintiff that she must continue coming into work.

26.     Mr. Reinshuttle told Plaintiff to wear a mask and try to stay six feet away from Defendants' customers.

27.     As noted, Mr. Reinshuttle's response was shocking as it was not only against state and CDC guidelines, but incredibly dangerous since the vast majority of Defendants' customers are senior citizens – the most vulnerable population group to COVID-19.

28. Plaintiff again contacted her doctor and asked if they would provide a letter explaining that she must self-isolate.

29. Plaintiff's physicians provided the letter, which Plaintiff forwarded to Mr. Reinshuttle.

30. Plaintiff also contacted the Defendants' Director of Operations, Sherri Heinen, to inform her that Mr. Reinshuttle was requiring Plaintiff to continue working against state and CDC guidelines and her doctor's orders.

31. Ms. Heimen simply responded, "Steve's the boss and he has final say."

32. Nevertheless, Plaintiff chose to follow the law, public safety guidelines, and her doctor's orders and began self-quarantining since she was not willing to jeopardize her client's lives.

33. On July 3, 2020, Mr. Reinshuttle contacted Plaintiff to inform her she would not be paid for the time she was self-isolating and that she was not allowed to use her accrued but unused PTO for the time that she was out for isolation.

34. Mr. Reinshuttle also had Plaintiff removed from the schedule and had her access to Defendants' patient system revoked.

35. On July 4, 2020, Plaintiff received her negative test results and a letter from the DOH releasing her to return to work.

36. On July 5, 2020, Plaintiff forwarded the letter of release to Mr. Reinshuttle informing him that she was cleared to return to work.

37. Plaintiff also contacted the Patient Care Coordinator, Suzanne Crowell, to inform her of her diagnosis and intent to return to work as well.

38. Ms. Crowell responded and informed Plaintiff that "Steve told [Ms. Crowell] to

clear your schedule and for you not to come in."

39. Finding this response odd Plaintiff texted Mr. Reinshuttle to again inform him that she was cleared to return to work.

40. Mr. Reinshuttle responded, "No need for you to come in. I have your schedule covered. I will talk to you on Monday[.]" *See* text message exchange attached as **Exhibit "A."**

41. On July 6, 2020, Plaintiff received a call from Mr. Reinshuttle informing her that she was being terminated.

42. By terminating Plaintiff, Defendants interfered with her right to EPSLA leave.

43. Defendants discriminated against Plaintiff by terminating her because she sought to enforce her rights under the FFCRA. As such, there is a causal link between Plaintiff's request for leave and the adverse employment actions described herein.

44. Under the FFCRA, Plaintiff is entitled to liquidated damages (including interest) unless Defendants prove their actions were in good faith compliance with the FFCRA and that they had objectively reasonable grounds to think their conduct did not violate the FFCRA.

45. The Defendants, through their owner, Steven Reinshuttle, willfully violated Plaintiff's rights qualifying her for liquidated damages.

46. Plaintiff has incurred attorneys' fees and costs which are recoverable under the FFCRA.

47. Defendants' owner, Steve Reinshuttle aided or abetted the Company's illegal conduct under the FFCRA by sanctioning Plaintiff's termination.

48. Plaintiff sustained damages as a result of Defendants' conduct including lost compensation and benefits, liquidated damages, and reasonable attorneys' fees and costs.

## COUNT I
## UNPAID SICK LEAVE IN VIOLATION OF FFCRA/EPSLA

49. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through forth-eight (48), above, as if fully set forth herein.

50. Plaintiff is entitled to up to two weeks (or 80 hours) of paid sick leave pursuant to the EPSLA because she was advised by a health care provider to self-isolate.

51. Defendants refused to pay Plaintiff sick leave pay even though her health care provider required that she self-isolate and not report to work.

52. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered lost wages.

53. The violations of law complained of herein were willful; accordingly, Plaintiff also seeks liquidated, to the fullest extent available under the law, as well as reasonable attorneys' fees.

WHEREFORE Plaintiff, TYLER BAKER, prays for a trial by jury and all legal and equitable relief allowed by law including:

    a) Back pay and benefits;

    b) Interest on back pay and benefits;

    c) Front pay and benefits and/or lost earning capacity;

    d) Liquidated Damages;

    e) Injunctive relief;

    f) Prejudgment interest;

    g) Costs and attorney's fees; and

    h) Such relief as the Court may deem just and proper.

## COUNT II
## RETALIATION OR INTERFERENCE IN VIOLATION OF FFCRA/EPSLA
## (AS TO DEFENDANTS)

54. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through forty-eight (48), above, as if fully set forth herein.

55. The FFCRA / EPSLA prohibits employers from discharging any employee because the employee took qualifying paid sick leave and requires an employer to restore an employee to the same or equivalent position after taking qualifying sick leave.

56. Defendants terminated Plaintiff while she was advised by a health care provider to self-isolate due to concerns related to COVID-19.

57. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered lost wages and significant emotional distress because of her termination.

58. Plaintiff also seeks liquidated and/or compensatory damages, to the fullest extent of the law, as well as reasonable attorneys' fees.

WHEREFORE Plaintiff, TYLER BAKER, prays for a trial by jury and all legal and equitable relief allowed by law including:

    a) Back pay and benefits;

    b) Interest on back pay and benefits;

    c) Front pay and benefits and/or lost earning capacity;

    d) Compensatory damages;

    e) Liquidated damages if compensatory damages are unavailable;

    f) Injunctive relief;

    g) Prejudgment interest;

    h) Costs and attorney's fees; and

      i) Such relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated this 30th day of December, 2020.

                                    Respectfully submitted,

                                    **/s/ JAMES J. HENSON**
                                    JAMES J. HENSON, III, ESQ.
                                    Florida Bar No.: 77476
                                    **/s/ RYAN NASO**
                                    RYAN D. NASO, Esq.
                                    Florida Bar No.: 1010800
                                    Morgan & Morgan, P.A.
                                    20 N. Orange Avenue, Suite 1600
                                    Orlando, FL 32801
                                    Telephone: (407) 420-1414
                                    Facsimile: (407) 204-2208
                                    E-mail: jjhenson@forthepeople.com
                                                rnaso@forthepeople.com
                                                ssiagel@forthepeople.com

                                  ***Attorneys for Plaintiff***