UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**TYLER BAKER,**

    **Plaintiff,**

v.                                               **CASE NO. 2:20-cv-14469-AMC**

**AMERICA'S BEST HEARING, LLC,
A FLORIDA LIMITED LIABILITY
COMPANY, PJC COASTAL
HEARING, LLC, A FLORIDA
LIMITED LIABILITY COMPANY,**

    **Defendants.**
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, AMERICA'S BEST HEARING, LLC, PJC COASTAL HEARING, LLC, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint and Demand For Jury Trial. In response to each separately-enumerated paragraph of the Complaint, Defendants state:

1. Admitted that this is an action brought pursuant to the Families First Coronavirus Response Act ("FFCRA"), Pub. L. No. 116-127, 134 Stat. 178 (2020). Defendants deny Plaintiff is entitled to any relief under the FFCRA or any other law, theory, or claim.

2. Defendants admit that the FFCRA was signed into law on March 18, 2020. The remaining allegations of Paragraph No. 2 are denied. Defendants further deny that Plaintiff is entitled to any relief under the FFCRA or any other law, theory, or claim.

3. Defendants admit that the statute speaks for itself. The remaining allegations of Paragraph No. 3 are denied. Defendants further deny that Plaintiff is entitled to any relief under the FFCRA or any other law, theory, or claim.

4. Defendants admit that the statute speaks for itself. The remaining allegations of Paragraph No. 4 are denied. Defendants further deny that Plaintiff is entitled to any relief under the FFCRA or any other law, theory, or claim.

5. Defendants admit that the statute and regulations speak for themselves. The remaining allegations of Paragraph No. 5 are denied. Defendants further deny that Plaintiff is entitled to any relief under the FFCRA or any other law, theory, or claim.

6. Defendants admit that the statute and regulations speak for themselves. The remaining allegations of Paragraph No. 6 are denied. Defendants further deny that Plaintiff is entitled to any relief under the FFCRA or any other law, theory, or claim.

7. Admitted.

8. Admitted that venue in proper the Fort Pierce Division of the United States District Court for the Southern District of Florida. The remaining allegations of Paragraph No. 8 are denied.

9. Denied.

10. Without knowledge and therefore denied.

11. Admitted.

12. Admitted.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. It is admitted that PJC Coastal Hearing, LLC, employed fewer than 500 employees. The remaining allegations of Paragraph No. 17 are denied.

18. Denied.

19. Denied.

20. Without knowledge and therefore denied.

21. Without knowledge and therefore denied.

22. Without knowledge and therefore denied.

23. Without knowledge and therefore denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Without knowledge and therefore denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Without knowledge and therefore denied.

36. It is admitted that Plaintiff forwarded a letter on July 5, 2020, informing Mr. Reinshuttle that she could return to work with her employer. The remaining allegations of Paragraph No. 36 are denied.

37. Without knowledge and therefore denied.

38. Without knowledge and therefore denied.

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

39. Admitted in part and denied in part. Admitted that on July 5, 2020, Plaintiff texted Steve Reinshuttle stating "Hey! I sent you the email with the release letter. I'm not dying. So I'll be in tomorrow!" The remaining allegations contained in Paragraph No. 39 are denied.

40. Admitted.

41. It is admitted that Mr. Reinshuttle called Plaintiff on or about July 6, 2020 and informed her that she was being discharged by her employer. The remaining allegations of Paragraph No. 41 are denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT I
## FFCRA - UNPAID SICK LEAVE

49. Defendants hereby incorporate their responses to Paragraphs Nos. 1 through 48 above. Defendants deny that Plaintiff is entitled to any relief under the FFCRA or any other law, theory, or claim.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

ALLEN, NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

Defendants deny the allegations and assert that Plaintiff is entitled to no relief under the FFCRA or any other law, theory, or claim.

## COUNT II
## FFCRA - RETALIATION OR INTERFERENCE

54.   Defendants hereby incorporate their responses to Paragraphs Nos. 1 through 48 above. Defendants deny that Plaintiff is entitled to any relief under the FFCRA or any other law, theory, or claim.

55.   Denied.

56.   Denied.

57.   Denied.

58.   Denied.

Defendants deny the allegations and assert that Plaintiff is entitled to no relief under the FFCRA or any other law, theory, or claim.

## AFFIRMATIVE DEFENSES

1.   Plaintiff has failed to comply with all conditions precedent and/or exhaust her administrative remedies prior to filing this lawsuit.

2.   Pursuant to the FFCRA, Plaintiff failed to provide Defendants with proper notice of need for leave under the FFCRA pursuant to 29 C.F.R. § 826.90.

3.   Plaintiff failed to provide Defendants with the required documentation of need for leave under the FFCRA pursuant to 29 C.F.R. § 826.100.

4.   Defendants did not engage in any of the enumerated prohibited acts identified in 29 C.F.R. § 826.150(a).

5. Defendants did not engage in any action subject to enforcement as identified in 29 C.F.R. § 826.150(b).

6. Defendants were not Plaintiff's employer, separately, jointly or otherwise, and never employed Plaintiff at any time.

7. Neither Defendant is engaged in commerce, as defined by the FFCRA, such that either of them is subject to coverage by the FFCRA.

8. Defendants did not terminate Plaintiff's employment.

9. Plaintiff failed to join the real party in interest.

10. Plaintiff has failed to join a necessary party.

11. Plaintiff was not entitled to paid leave under the FFCRA pursuant to 29 C.F.R. § 826.20.

12. Plaintiff was not an employee who was eligible for paid leave under the FFCRA pursuant to 29 C.F.R. § 826.30.

13. As a health care provider, Plaintiff was excluded from the emergency paid leave benefit provided by the Emergency Paid Sick Leave Act.

14. As an emergency responder, Plaintiff was excluded from the emergency paid leave benefit provided by the Emergency Paid Sick Leave Act.

15. Defendants are exempt from the requirements of the Emergency Paid Sick Leave Act, as provided by the applicable provisions of the FFCRA pursuant to 29 C.F.R. § 826.40.

16. Plaintiff fails to state a claim upon which relief may be granted under the FFCRA. Specifically, Plaintiff cannot establish that (1) she engaged in protected activity; (2) she subsequently suffered an adverse action; (3) a causal connection exists between her alleged protected activity and the alleged adverse action,

17. Plaintiff's employment was terminated for legitimate, non-discriminatory, non-retaliatory reasons.

18. All or portions of Plaintiff's claims are barred because Plaintiff has been paid all amounts due and owing to Plaintiff from Defendants.

19. Plaintiff's asserted claims for compensatory damages should be stricken from the Complaint as such damages are unavailable under the Fair Labor Standards Act, and therefore are unavailable under the FFCRA and Emergency Paid Sick Leave Act.

20. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations period.

21. Plaintiff's claims are barred by waiver, estoppel and/or the doctrine of unclean hands.

22. All actions taken by Defendants with respect to Plaintiff's alleged employment were in good faith compliance with all applicable laws. Accordingly, Plaintiff is not entitled to liquidated damages pursuant to 29 U.S.C § 260.

23. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities or to otherwise avoid harm.

24. Plaintiff failed to mitigate her damages with reasonable diligence.

25. Defendants are entitled to a set-off for any amounts received by Plaintiff from subsequent or interim employment or any other sources.

26. To the extent discovered during litigation, all or part of Plaintiff's claims, allegations, or alleged damages are barred by the after-acquired evidence doctrine.

27. Plaintiff's entitlement to relief is limited by the applicable caps on damages.

Defendants reserve the right to raise additional affirmative defenses that become available or arise during the litigation of this matter.

### NOTICE OF INTENT TO SEEK ATTORNEYS' FEES AND COSTS

Defendants hereby provide notice to Plaintiff and her counsel that Defendants intend to seek recovery of their attorneys' fees and costs associated with the defense of Plaintiff's meritless claims.

Respectfully submitted,

/s/ Brian Koji
**Brian Koji**
Florida Bar No. 0116297
bkoji@anblaw.com
**Barron F. Dickinson**
Florida Bar No. 0124082
bdickinson@anblaw.com

**ALLEN NORTON & BLUE, P.A.**
Hyde Park Plaza, Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
Tel.: (813) 251-1210
Fax: (813) 253-2006

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of February 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to

    James J. Henson, Esq.
    Ryan D. Naso, Esq.
    Morgan & Morgan, P.A.
    20 North Orange Avenue, Suite 1600
    Orlando, Florida 32801
    jjhenson@forthepeople.com
    rnaso@forthepeople.com
    siageal@forthepeople.com

                                              */s/ Brian Koji*
                                              Attorney

**ALLEN, NORTON & BLUE, P.A.**
PROFESSIONAL ASSOCIATION