UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**TYLER BAKER,**

    **Plaintiff,**

v.                                                                                          CASE NO. 2:20-cv-14469-AMC

**AMERICA'S BEST HEARING, LLC,
A FLORIDA LIMITED LIABILITY
COMPANY, PJC COASTAL
HEARING, LLC, A FLORIDA
LIMITED LIABILITY COMPANY,**

    **Defendants.**
_____/

**JOINT SCHEDULING REPORT WITH ATTACHED
JOINT PROPOSED SCHEDULING ORDER**

Pursuant to Federal Rules of Civil Procedure 16 and 26(f), S.D. Fla. Local Rule 16.1, and the Court's Order internal procedures, the undersigned parties hereby respectfully submit this Joint Scheduling Report:

**A.**     **Scheduling and Discovery Meeting**

The following parties appeared at a scheduling and discovery teleconference, on February 18, 2021:

    1.     James Henson, Esq. and Ryan Naso, Esq. (Plaintiff)

    2.     Barron F. Dickinson, Esq. (Defendants)

**B.**     **Case Management Track**

Pursuant to S.D. Fla. Local Rule 16.1.a, the Parties request that the Court assign this matter to the standard case management track.

C.  **The Likelihood of Settlement**

The Parties have engaged in settlement discussions, which have thus far been unsuccessful. The Parties do not believe that settlement is likely in this matter. Notwithstanding, the Parties will continue in good faith to explore the prospect of settlement as litigation proceeds.

D.  **Likelihood of Appearance in the Action of Additional Parties**

The Parties do not anticipate the appearance of additional parties.

E.  **Proposed Limits on Time**

The Parties believe that this case should be assigned to the standard track with the below modifications due to the Parties' undersigned counsel's trial calendar. Accordingly, the Parties submit the following proposed time limits:

| Date | Deadline |
|---|---|
| April 16, 2021 | Deadline for joinder of additional parties and amended pleadings. |
| November 1, 2021 | Deadline to file Proposed Order Scheduling Mediation, setting forth the name of the mediator, and the date, time, and location of the mediation. |
| December 15, 2021 | Deadline to complete all non-expert fact discovery. |
| December 31, 2021 | Deadline to disclose expert witnesses and to serve expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). |
| January 31, 2022 | Deadline for the filing of all dispositive motions. |
| February 15, 2022 | Deadline to disclose rebuttal experts and to serve rebuttal expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). |
| February 15, 2022 | Deadline to complete mediation. |
| March 31, 2022 | Deadline to complete all expert discovery. |
| May 1, 2022 | Deadline for the filing of pretrial motions, including motions in limine and *Daubert* motions. |

| | | |
|---|---|---|
| June 15, 2022 | | Deadline to file joint pretrial stipulation pursuant to Local Rule 16.1(e) and pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3). |
| June 30, 2022 | | Deadline to file proposed jury instructions pursuant to Local Rule 16.1(k). |
| August 1, 2022 | | Trial term commences. |

**F.     Proposal for the Simplification of Issues, including the Elimination of Frivolous Claims or Defenses**

At this time, the Parties do not have any proposals for the formulation and simplification of any issues and are unable to eliminate any claims or defenses. The Parties shall meet before the pretrial conference to discuss any proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses. As set forth above, the Parties propose that dispositive summary judgment motions be filed by January 31, 2022.

**G.     Necessity or Desirability of Amendments to the Pleadings**

At this point, the Parties do not anticipate amending their pleadings.

**H.     The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things, Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents and Electronically Stored Information and the Need for Advance Ruling from the Court on Admissibility of Evidence**

Counsel will meet following the applicable discovery cut-off date and before the pretrial conference to discuss stipulations regarding the authenticity of documents and the need for advanced rulings from the Court on the admissibility of evidence. The Parties will work together to obtain admissions and stipulations that will avoid unnecessary proof at trial.

**F.     Avoiding Unnecessary Proof and Cumulative Evidence**

At this time, the Parties do not have any suggestions to avoid unnecessary proof or admission of cumulative evidence, but the Parties will meet to discuss this issue following the

applicable discovery cut-off date and before the pretrial conference.

G.  **Advisability of Referring Matters to a Magistrate**

The Parties do not anticipate having discovery disputes that will require the Court's intervention; however, if such disputes do develop, the parties agree to have those matters referred to the U.S. Magistrate Judge. The Parties have not consented to trial before a U.S. Magistrate Judge at this time.

H.  **Preliminary Estimate of the Time Required for Trial**

At this time, the Parties anticipate that the trial will require approximately four (4) days.

I.  **Requested Dates for a Final Pretrial Conference, and Trial**

The Parties request that the Pretrial Conference be set for on or after June 30, 2022 and that the Trial be scheduled for on or after August 1, 2022.

J.  **Possibility of Obtaining Admissions of Fact and of Documents:**

The Parties agreed to work together in good faith to reach stipulations regarding uncontested facts and the authenticity of documents to expedite the trial of this matter.

K.  **Avoidance of Unnecessary Proof and Cumulative Evidence:**

At this juncture, the Parties do not have any specific suggestions to the Court for the avoidance of unnecessary proof and cumulative evidence but will endeavor to streamline the litigation.

L.  **Issues Regarding Disclosure, Discovery, Preservation of ESI, Privilege, and Related-Issues**

The Parties will likely seek discovery related to Plaintiff's employment with Defendants and any defenses or claims raised by the parties. The Parties do not believe that they should conduct discovery in phases or be limited to particular issues.

The Parties have not agreed to utilize the ESI Checklist, However, whenever feasible, the Parties will produce all electronically stored information in bates-stamped and .pdf format. Alternatively, if unable to produce electronically stored information in such a manner, the Parties will produce the information in the currently stored format. The Parties further agree that they will maintain all relevant electronically stored information in its original format until final resolution of this matter.

The Parties have agreed that if any party inadvertently produces electronically stored information, or other documents, that the producing party claims after production are privileged, they will notify the opposing party or parties within a reasonable time frame of learning that an inadvertent production had occurred, then all parties who had received such information shall promptly return, sequester or destroy it, and must take reasonable steps to retrieve the information from third parties, including expert witnesses. However, the Parties reserve their right to claim that the information disclosed was not privileged or that the privilege was waived.

The parties further stipulate to service of discovery via electronic transmission including electronic mail and/or facsimile.

**M.** **Any Other Information that Might Be Helpful to the Court**

None at this time.

Respectfully submitted this 19th day of February 2021.

| | |
|---|---|
| *s/ James J. Henson* | *s/ Brian Koji* |
| **James J. Henson, III** | **Brian Koji** |
| Florida Bar No. 77476 | Florida Bar No. 0116297 |
| **Ryan Naso** | **Barron F. Dickinson** |
| Florida Bar No. 1010800 | Florida Bar No. 0124082 |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

<div style="display: flex;">

<div>

MORGAN & MORGAN, P.A.
20 N. Orange Avenue – Suite 1600
Orlando, Florida 32801
(407) 420-1414 | (407) 204-2208 – Fax
Email:  jjhenson@forthepeople.com
          rnaso@forthepeople.com
          ssiagel@forthepeople.com

</div>

<div>

**ALLEN NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210 | (813) 253-2006 – Fax
E-mail:  bkoji@anblaw.com
            bdickinson@anblaw.com

</div>

</div>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**TYLER BAKER,**

    **Plaintiff,**

v.                                           **CASE NO. 2:20-cv-14469-AMC**

**AMERICA'S BEST HEARING, LLC,**
**A FLORIDA LIMITED LIABILITY**
**COMPANY, PJC COASTAL**
**HEARING, LLC, A FLORIDA**
**LIMITED LIABILITY COMPANY,**

    **Defendants.**
_____/

## JOINT PROPOSED SCHEDULING ORDER

    Pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16.1.b, and upon consideration of the Joint Scheduling Report filed by the Parties, and the Court being fully advised in the premises, it is thereupon,

    **ORDERED AND ADJUDGED** as follows:

    a.    This case shall be assigned to the standard case management track pursuant to Local Rule 16.1.a.2(B).

    b.    Except as otherwise noted by the Court, the Parties shall abide by the deadlines set forth in their Joint Scheduling Report. Discovery shall be conducted pursuant to the Joint Scheduling Report so that all non-expert discovery is completed by December 15, 2021 and all expert discovery is completed by March 31, 2022.

    c.    The Parties have not made any agreements with respect to asserting claims of privilege or protection of trial preparation material.

    d.    All pleadings shall be amended and additional parties joined by March 31, 2021.

    e.    Dispositive motions shall be filed by _____.

    f.    *Daubert* motions, motions in limine, and all other pretrial motions, except for dispositive motions, shall be filed by _____.

    g.       The Court shall rule on all pending pretrial motions by _____.

    h.       The parties do not believe there is any need for rule variation at this time or the use of the Manuel on Complex Litigation.

    i.       Pretrial conference, if any, to be held on _____.

    j.       This case is set for trial commencing the trial docket commencing on _____, 2022.

DONE AND ORDERED in Chambers at Miami, Florida this \_\_\_\_\_ day of _____, 2021.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

Copies Furnished To:
Counsel of Record